IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HERNAN VALDEZ,<br><br>                    Plaintiff,<br>v.<br><br>TYCO INTEGRATED SECURITY LLC,<br>DBA ADT SECURITY SYSTEMS, a Utah<br>registered corporations, and JAN GIDDINGS,<br>in her individual management capacity,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND, THIRD, AND FIFTH CLAIMS FOR RELIEF**<br><br>Case No. 2:16-cv-00016-DN<br><br>District Judge David Nuffer |

Defendant Tyco Integrated Security LLC ("Tyco") filed this Motion to Dismiss[1] the second, third, and fifth claims of Plaintiff Hernan Valdez's ("Valdez") Complaint.[2] Tyco submits the claims should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[3] For the reasons that follow, Tyco's Motion to Dismiss is GRANTED.

## BACKGROUND

Tyco hired Valdez as a security system installer in Utah in 2001.[4] Valdez alleges that during his employment with Tyco, Tyco and its employees discriminated against him.[5] Valdez's Complaint asserts six causes of action: (1) color and race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") against Tyco; (2) age discrimination under the Age

---

[1] Defendant Tyco Integrated Security LLC's Motion to Dismiss Plaintiff's Second, Third, and Fifth Claims for Relief ("Motion to Dismiss"), docket no. 6, filed Feb. 9, 2016.

[2] Complaint, docket no. 2, filed Jan. 6, 2016.

[3] Motion to Dismiss at 1.

[4] Determination and Order at 2, Ex. 2 to Decl. of James M. Barrett in Support of Defendant Tyco Integrated Security LLC's Motion to Dismiss Plaintiff's Second, Third, and Fifth Claims for Relief, docket no. 7-2, filed Feb. 9, 2016.

[5] *Id.* ¶ 16.

Discrimination in Employment Act ("ADEA") against Tyco; (3) color and race discrimination under Title VII against Valdez's former manager, Jan Giddings ("Giddings"); (4) hostile work environment harassment under Title VII against Tyco; (5) pay discrimination under Title VII against Tyco; and (6) race discrimination under 42 U.S.C. § 1981 against Tyco.[6]

Valdez emphasizes different facts for the second, third, and fifth causes of action. Valdez specifically alleges that he was required to resign and reapply at each transfer to a new office ("Second Cause of Action");[7] that Giddings and other co-workers used racial slurs and made racial jokes against him ("Third Cause of Action");[8] and that Tyco paid him less than he deserved based on his experience and tenure with the company ("Fifth Cause of Action").[9] Tyco filed this Motion to dismiss Valdez's Second, Third, and Fifth Causes of Action.[10]

## STANDARD OF REVIEW

### DUCivR 7-1

"A memorandum opposing motions filed pursuant to Fed. R. Civ. P. 12(b), 12(c), and 56 must be filed within twenty-eight (28) days after service of the motion or within such time as allowed by the court."[11] "Failure to respond timely to a motion may result in the court's granting the motion without further notice."[12]

---

[6] *Id.* at 6-10.

[7] *Id.* at 3, ¶¶ 14-15.

[8] *Id.* at 3-5, ¶¶ 29-31, 34-46.

[9] *Id.* at ¶ 16; at 9, ¶ 79.

[10] Motion to Dismiss at 1.

[11] DUCivR 7-1(b)(3)(A).

[12] DUCivR 7-1(d).

## Rule 12(b)(1)

A claim is properly dismissed when the district court lacks subject matter jurisdiction.[13] "A basic principle of our constitutional system is that the federal courts are courts of limited jurisdiction."[14] Due to the jurisdictional limitation, "there is a presumption against [federal] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[15] Further, "because failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff…to show, by competent evidence, that she [or he] did exhaust."[16] On a Rule 12(b)(1) motion, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a facial attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits[ and] other documents…to resolve disputed jurisdictional facts."[17]

## Rule 12(b)(6)

To survive dismissal pursuant to Rule 12(b)(6), a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face."[18] The burden is on the plaintiff "to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."[19] "Factual allegations must be enough to raise a right to relief above the speculative level."[20] When reviewing a motion to dismiss, a court must "presume[] all of

---

[13] *See* Fed.R.Civ.P. 12(b)(1).

[14] *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 525 (1982).

[15] *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

[16] *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

[17] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (internal citations omitted).

[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[19] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotation marks omitted).

[20] *Id.*

plaintiff's factual allegations are true and construe[] them in the light most favorable to the plaintiff."[21]

## DISCUSSION

There are three reasons for granting the Motion to Dismiss. First, Valdez failed to timely respond. Second, on the Second and Fifth Causes of Action, Valdez failed to include age and pay discrimination claims in his Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), and thus failed to exhaust his administrative remedies.[22] Third, on the Third Cause of Action, the Tenth Circuit has held that claims against supervisors in their individual capacities are inappropriate under Title VII.[23] Each of these grounds is discussed more fully below.

### I.  Valdez failed to timely respond to Tyco's Motion to Dismiss

Tyco filed this Motion on Feb. 9, 2016. Under DUCivR 7-1(b)(3)(A), Valdez was required to file a response to the Motion within 28 days after service or "within such time as allowed by the court." As of the date of this order, Valdez has not filed any response to the Motion or indicated that he opposes the Motion. Under DUCivR 7-1(d), "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice." Therefore, pursuant to DUCivR 7-1, the Second, Third, and Fifth Causes of Action could be dismissed.

### II.  Alternatively, Valdez's Second and Fifth Causes of Action are dismissed because Valdez failed to exhaust his administrative remedies.

Valdez asserts in his Second Cause of Action that Tyco violated the ADEA by (1) giving opportunities to younger employees that were not afforded to him and (2) requiring him to resign

---

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[22] Motion to Dismiss at 9-10.

[23] *Id.* at 10.

and reapply to the company at each transfer, resulting in loss of seniority, while not requiring the same of younger employees.[24] The ADEA makes it illegal for an employer to discriminate with respect to an employee's compensation, employment opportunities, or privileges based on the employee's age.[25]

Valdez also asserts in his Fifth Cause of Action that Tyco violated Title VII by requiring him to reapply at each transfer, resulting in lost pay over many years of employment.[26] Title VII prohibits discrimination with respect to compensation based on an employee's race, color, religion, sex, or national origin.[27] The Fifth Cause of Action makes no specific allegation regarding discrimination based on any of Title VII's protected classes, but merely a general claim of "pay inequity" and lost compensation.[28]

Tyco argues in its Motion to Dismiss that Valdez did not include any reference to any ADEA or pay inequality claims in his Charge to the EEOC,[29] thus failing to exhaust his administrative remedies before filing the Complaint.[30] Tyco is correct.

"It is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit."[31] While the "ADEA's exhaustion requirement is somewhat less-established in this circuit . . . it is nonetheless clear that such a requirement exists."[32] In order to exhaust administrative remedies under both Title VII and the ADEA, a

---

[24] Complaint at 7, ¶¶ 64-69.

[25] 29 U.S.C.A. § 623(a).

[26] Complaint at 9, ¶¶ 78-80.

[27] 42 U.S.C.A. § 2000e-2(a).

[28] Complaint at 9, ¶¶ 78-80.

[29] Motion to Dismiss at 9-10.

[30] *Id.*

[31] *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

[32] *Id.*

plaintiff must file a Charge with the EEOC prior to filing a lawsuit.[33] The requirement to file an EEOC charge before filing a lawsuit is "intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims."[34] While the Tenth Circuit held in *Aramburu v. Boeing Co.* that a suit may avoid the exhaustion requirement and include allegations not listed in the EEOC charge, the Tenth Circuit also held that such allegations must be "reasonably related" to the allegations actually in the charge.[35]

Valdez's Second and Fifth Causes of Action allege age and pay discrimination. Valdez's timely-filed Charge with the EEOC and the Utah Antidiscrimination and Labor Division ("UALD")[36] alleges only discrimination based on disability and national origin and retaliation.[37] There is no mention in Valdez's Charge about age or pay discrimination. Therefore, Valdez's age and pay discrimination claims—his Second and Fifth Causes of Action—are not allowed unless they are "reasonably related" to the race and disability discrimination claims he listed in his EEOC Charge. They are not "reasonably related." Discrimination based on age or inequality in pay is not the same as discrimination based on race or disability. The EEOC could not have reasonably known to investigate the age and pay discrimination claims based on allegations of

---

[33] *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194-95 (10th Cir. 2004).

[34] *Id.* at 1195.

[35] *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997) (finding that hostile environment allegations not pled in the EEOC charge were not reasonably related to a wrongful discharge allegation); *see also Archuleta v. Colorado Dept. of Institutions*, 936 F.2d 483, 388 (10th Cir. 1991) (finding claims of sexual harassment and pregnancy discrimination were not reasonably related to plaintiff's discharge claim)..

[36] Determination and Order at 2, Ex. 2 to Decl. of James M. Barrett in Support of Defendant Tyco Integrated Security LLC's Motion to Dismiss Plaintiff's Second, Third, and Fifth Claims for Relief, docket no. 7-2, filed Feb. 9, 2016.

[37] *Id.*; Motion to Dismiss at 9-10.

race and disability discrimination. Also, the EEOC Charge could not have provided proper notice to Tyco of the age and pay discrimination.[38]

Therefore, the Second and Fifth Causes of Action must be dismissed because Valdez failed to exhaust all administrative remedies prior to filing suit in federal court. Valdez cannot remedy this failure because the time to file an EEOC Charge regarding age and pay discrimination has passed.[39] Therefore, the Second and Fifth Causes of Action are dismissed with prejudice.[40]

### III.     Alternatively, Valdez's Third Cause of Action is dismissed because claims against supervisors in their individual capacities are inappropriate.

Valdez asserted in his Third Cause of Action that Giddings, his supervisor, discriminated against him based on his race in violation of Title VII. The Tenth Circuit has held that there is an "established, pre-amendment rule that personal capacity suits against individual supervisors are inappropriate under Title VII."[41] Valdez's Third Cause of Action is asserted against Giddings in her "individual management capacity."[42] This claims is barred. Therefore, because individual

---

[38] *See Foster*, 365 F.3d at 1195 ("[t]his individual filing requirement is intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims").

[39] 42 U.S.C.A. § 2000e-5(e)(1) (requiring plaintiff to file an EEOC charge with 180 days after the alleged practice, except where plaintiff filed with a state agency first and the deadline is extended to 300 days after the alleged practice). The Complaint and Motion both state Valdez was terminated in April 2013, but give no exact date. Complaint at 3, Motion at 9. Assuming Valdez was terminated on the last day of April 2013, and had 300 days to file a Charge with the EEOC, Valdez would have had to file by Feb. 24, 2014. He did not do so.

[40] *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1271-72 (10th Cir. 2001) (where the Court treated a dismissal without prejudice where plaintiff's claims were dismissed and were time-barred by the EEOC's time limits as a dismissal *with* prejudice); *see also Jenkins v. Educ. Credit Mgmt. Corp.*, 212 Fed.Appx. 729, (10th Cir. 2007) (unpublished) (where the Court affirmed a dismissal with prejudice of a Title VII claim not included in a plaintiff's EEOC charge).

[41] *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996); *see Sauers v. Salt Lake Cty.,* 1 F.3d 1122, 1125 (10th Cir. 1993) ("Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate").

[42] Complaint at 1.

capacity suits are inappropriate under Title VII, Valdez's Third Cause of Action is dismissed with prejudice.[43]

## ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss[44] is GRANTED. Valdez's Second, Third, and Fifth Causes of Action are dismissed with prejudice.

Dated April 20, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[43] *See Costello v. N.Y. State Nurses Ass'n*, 783 F.Supp.2d 656. 676 (S.D.N.Y. April 25, 2011) (claims against defendants "in their individual capacities must be dismissed with prejudice on the ground that Title VII does not provide for individual liability").

[44] Defendant Tyco Integrated Security LLC's Motion to Dismiss Plaintiff's Second, Third, and Fifth Claims for Relief ("Motion to Dismiss"), docket no. 6, filed Feb. 9, 2016.